IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–03160–CMA–KMT

IRONSTONE CONDOMINIUMS AT STROH RANCH OWNERS ASSOCIATION, INC. a/k/a IRONSTONE CONDOMINIUM ASSOCIATION AT STROH RANCH, a non-profit Colorado corporation,

   Plaintiff,

v.

PEERLESS INDEMNITY INSURANCE COMPANY, an Illinois Corporation,

   Defendant.

# ORDER

This matter is before the court on Plaintiff's "Motion to Compel Disclosure of Alleged Privileged Documents from Defendant" [Doc. No. 70]. On November 26, 2013, the court held a hearing on this motion and resolved all issues except those involving documents listed on a privilege log which appeared to contain information relevant to the valuation of the claim or the damages to the property which is at issue in the case. (See Minutes, [Doc. No. 80], at 2.) The defendant was ordered to "produce documents for in camera review contained on the privilege log regarding a combination of reserve information and valuation information on or before December 3, 2013." (*Id.*) On December 3, 2013, Defendant provided to the court a DVD containing the

materials to be reviewed *ex parte* by the court.[1]

The court has reviewed the following items listed on the Defendant's privilege log:

Peerless 2880-2901
Peerless 2904-2907
Peerless 2908-2911
Peerless 2968-2972
Peerless 2986-2990
Peerless 3682-3685
PCF 215-218
PCF241-243

After review, this court determines that redacted versions of the documents labeled Peerless 3682-3685 and PCF 215-218 should be produced to the Plaintiff as non-protected evidence of the Defendant's valuation of aspects of the Plaintiff's insurance claim.   The court finds that all other documents reviewed are properly withheld as irrelevant information which is protected from discovery and therefore has been properly included on the Defendant's privilege log.

Peerless 3682-3685 and PCF 215-218 appear to be the same or largely identical documents.   On Peerless 003682 and PCF 215, the following information may be redacted: 1) all typewritten information included within the box "With Payment/Reserve Recommendations." Entries in the boxes concerning payments shall not be redacted; and 2) the line of text directly beneath "AUTHORITY REQUESTED – Reserve & Payment" may be redacted.   On Peerless 003683 and PCF216, the following information may be redacted: 1) the second full paragraph

---

[1] The court has reduced the production to an electronic .pdf file which will be incorporated into the docket pursuant to this order with Level 3 restricted access pursuant to D.C.COLO.LCivR 7.2. The transmittal letter to the court shall be filed on the court's docket without restriction and the originally submitted DVD will be returned to defense counsel.

under the topic "Damage/Adjustment   Adjustment- Building:" may be redacted.   On Peerless 003684 and PCF 217, the following information may be redacted: 1) the entirety of the box and information within the box directly below the sentence "See DMS for correspondence, estimates and consulting opinions" may be redacted.   The entire pages Peerless 003685 and PCF 218 may be withheld.

It is **ORDERED**

Plaintiff's "Motion to Compel Disclosure of Alleged Privileged Documents from Defendant" [Doc. No. 70] is **GRANTED** in part and **DENIED** in part as stated on the record at the November 26, 2013 hearing and consistent with this order.   The Defendant shall produce the redacted documents as more specifically described herein to the Plaintiff on or before December 18, 2013.

Dated this 12th day of December, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge