IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–03160–CMA–KMT

IRONSTONE CONDOMINIUMS AT STROH RANCH OWNERS ASSOCIATION, INC. a/k/a IRONSTONE CONDOMINIUM ASSOCIATION AT STROH RANCH, a non-profit Colorado corporation,

    Plaintiff,

v.

PEERLESS INDEMNITY INSURANCE COMPANY, an Illinois Corporation,

    Defendant.

## ORDER

This matter is before the court on Plaintiff's "Motion to Modify Scheduling Order Re: Additional Deposition of Ken Smith" filed December 16, 2013 [Doc. No. 85] ("Mot."). Defendant filed its "Response in Opposition to Plaintiff's Motion to Modify Scheduling Order Re: Additional Deposition of Ken Smith [ECF No. 85]" on January 9, 2014 [Doc. No. 92] ("Resp.") and Plaintiff filed a reply on January 14, 2014.   The matter is ripe for review and ruling.

The Plaintiff seeks to re-open the deposition of Ken Smith, a consultant working for Grecco Consulting.   Grecco was hired by Defendant to evaluate the damage to its insured's property, referred to here as "Ironstone," which occurred on June 6, 2012 and which is now the subject of this lawsuit.   Mr. Smith's deposition originally was held on May 15, 2013.   (Mot. ¶ 6.) The parties do not dispute that Mr. Smith has done additional consulting work through Grecco

concerning the Plaintiff's claim since that date.

Fed. R. Civ. P. 26(b) provides, of course, that "discovery of any matter relevant to the subject matter involved in the action" may be ordered "for good cause." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir.2009). Pursuant to Fed. R. Civ. P. 30(a)(2), "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2): (A) if the parties have not stipulated to the deposition and: ... (ii) the deponent has already been deposed in the case; . . . ." Further, pursuant to Fed. R. Civ. P. 26(b)(2)(C):

> On motion or on its own, the court must limit . . . discovery otherwise allowed . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*Id*.

As a general rule, the court will not require a deponent to appear for a second deposition without some showing of need or good reason for doing so. *Ice Corp. v. Hamilton Sundstrand Corp.*, Case No. 05-4135-JAR, 2007 WL 1590845, *2 (D. Kan. May 30, 2007) (*citing Cuthbertson v. Excel Indus. Inc.*, 179 F.R.D. 599, 605 (D. Kan. 1998)). Scheduling a second deposition of the same person without a showing of reason will generally support a finding of annoyance and undue burden or expense. *Myers v. Mid-West Nat. Life Ins. Co.*, Case No. 04-cv-00396-LTB-KLM, 2008 WL 2410413, *1-2 (D. Colo. June 11, 2008); *Cuthbertson* at 605.

The court has "discretion to tailor discovery to the circumstances of the case at hand,"

2

*Rocha v. Twilleger*, Case No. 10-cv-00357-CMA-MEH, 2011 WL 4048789, *2 n. 1 (D. Colo. Sept. 12, 2011), and has "great discretion in establishing the time and place of a deposition." *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir.2008).

Plaintiff states that Mr. Smith issued his first report concerning the scope and cost to repair the damages at Ironstone on November 14, 2012 and that at his first deposition it became clear that Mr. Smith had made an error in measurement with respect to the roofs on the 31 buildings at issue. This mistake allegedly equated to about a 40% error in the perimeter measurements of each roof. (Mot. ¶ 9.) Given that Mr. Smith's report was the evaluation at hand for the Defendant immediately prior to the filing of the lawsuit, it was reasonable that Plaintiff would seek his deposition near the beginning of discovery rather than waiting until the end.

It is also not disputed that within a few days of Mr. Smith's initial deposition, several thousand pages of documents were submitted to the Plaintiff as discovery by Defendants. Additionally, the Plaintiff was unable to obtain a copy of the Grecco case file supporting its evaluations until it was supplied by the deponent on the day of the deposition.

Both Ken Smith and Grecco stated that additional work would need to be undertaken to fully evaluate the damages sustained by Ironstone in the hailstorm and that the work would be done subsequent to Mr. Smith's initial deposition. If a witness is pivotal to the important issues in a case and the information sought could not have been addressed in the first deposition, a second deposition may be appropriate. *See Federal Trade Commission v. Digital Interactive Associates, Inc.*, Case No. 95-Z-754, 1996 WL 912155 (D. Colo. December 12, 1996). It is not disputed that Grecco has issued at least two reports subsequent to Mr. Smith's initial deposition.

Defendant's primary objection to the taking of a second deposition of Mr. Smith is that, in Defendant's opinion, the Plaintiff should not have taken Mr. Smith's deposition so early in the case. This court, however, finds no fault with Plaintiff seeking to obtain Mr. Smith's deposition early in the case given the timing of the surrounding events and Mr. Smith's initial report date. Mr. Smith was paid for his time and appearance for the deposition which was taken by agreement in Colorado even though Mr. Smith was due to be on site at the Colorado property of Plaintiff for the entire week in any event. ("Resp. at 2.)

Given the late disclosure of documents only two days before Mr. Smith's planned and noticed deposition, as well as the fact that Mr. Smith had significant further experience with the evaluation of damages to the Ironstone property going to the very core of this litigation, the court finds that the Plaintiff has provided ample good cause to support a second deposition of Mr. Smith.

Wherefore it is **ORDERED**

Plaintiff's "Motion to Modify Scheduling Order Re: Additional Deposition of Ken Smith" [Doc. No. 85] is **GRANTED**. Plaintiff may take an additional discovery deposition of Ken Smith under the following conditions:

1. The deposition shall last no longer than five (5) hours;

2. The scope of the deposition shall be limited to the documents which were produced by the Defendant immediately preceding the initial deposition of Mr. Smith, including the Grecco case file, and to events occurring on or after May 13, 2013; and

3. The deposition shall be taken within 100 miles of Mr. Smith's residence unless otherwise agreed by the parties.

DATED this 7th day of February, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge