IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–03160–CMA–KMT

IRONSTONE CONDOMINIUMS AT STROH RANCH OWNERS ASSOCIATION, INC. a/k/a
IRONSTONE CONDOMINIUM ASSOCIATION AT STROH RANCH, a non-profit Colorado
corporation,

      Plaintiff,

v.

PEERLESS INDEMNITY INSURANCE COMPANY, an Illinois Corporation,

      Defendant.

---

**ORDER**

---

      This matter is before the court on "Chip's Roofing, LLC's Motion To Quash Defendant's

Subpoena To Produce Additional Documents And Notice Of Records Deposition Set For March

28, 2014" ("Chip's Mot.") [Doc. No. 112] and on "Plaintiff's Motion For Protective Order

Pursuant To Fed. R. Civ. P. 26(C) Re: Records Deposition Of Chip's Roofing" [Doc. No. 114].

Both motions were filed as a result of a simple request on the part of the Defendant for Chip's

Roofing, LLC ("Chip's") to supplement its previously produced Ironstone Condominium file with

any and all additional documentation, "to include any and all documents and copies of payments

issued and received" from September 18, 2013, the date on which Chip's was previously deposed

pursuant to subpoena and produced its documents, to present.   (Chip's Mot. at 2 and attached

email [Doc. No. 112-2].)

At the time of the first record production, Chip's had not yet completed its roofing repairs. (*Id*.)   Chip's completed the roofing project in the fall of 2013.   (*Id*.)   On February 3, 2014, as noted, the Defendant contacted the attorney for Chip's and requested supplementation.   (*Id*.) Chip's voluntarily agreed to produce the additional documentation as this court would expect when two attorneys are working together as professionals.   In fact, the email from Chip's attorney on February 6, 2014 stated, "My client will produce the records without the need for a new subpoena.   He is looking through his records and will produce them shortly."   Defendant did not obtain a specific date for Chip's voluntary supplementation because, it now appears, Defendant had a vastly different definition of the term "shortly" than did Chip's.

In the true spirit of 'let no good deed go unpunished' Chip's did not produce the documents within the remaining eighteen days of the discovery period - apparently believing that with no date specified it could take months or even years to comply - and eventually forced Defendant to issue a new deposition subpoena to obtain the records on a date certain.   (*Id*. at 3.)   Now Chip's complains that the subpoena was not accompanied by appearance fees or mileage and that the subpoena is untimely.   (*Id*.)   The court finds this position to be ludicrous, frivolous and completely without basis or reason, and a violation of every attorney's obligation to conduct litigation efficiently and without undue expense and delay.   See Fed. R. Civ. P. 1.   Besides causing undue attorney expenses to the Defendant, Chip's position caused counsel for Plaintiff to incur unnecessary costs and expenses to file a Motion for Protective Order [Doc. No. 114] because he was not available to attend a deposition on March 28, 2014 – a deposition which was completely unnecessary had Chip's simply produced the additional records requested as it said it

would do.   Finally, Chip's unreasonable position has created a drain on judicial resources by requiring the court to read and analyze two motions and to draft an this order to address document production which is not in any way burdensome and which Chip's had agreed to produce voluntarily almost two months ago.

It is **ORDERED**

1.      "Chip's Roofing, LLC's Motion To Quash Defendant's Subpoena To Produce Additional Documents And Notice Of Records Deposition Set For March 28, 2014" [Doc. No. 112] is **DENIED**.   Chip's Roofing, LLC shall produce the remainder of the Ironstone Condominum roofing file containing any and all documentation, whether in physical or electronic form which was not produced on or before September 18, 2013, including copies of all invoices and proof of payment of those invoices specifically including copies of all checks and deposit records, to the Defendant Peerless Indemnity Insurance Company **on or before April 2, 2014** or show cause to this court in writing why it should not be held in contempt of court.

2.      "Plaintiff's Motion For Protective Order Pursuant To Fed. R. Civ. P. 26(C) Re: Records Deposition Of Chip's Roofing" [Doc. No. 114] is **GRANTED** in part.   The deposition date of March 28, 2014 is vacated.

Dated this 28th day of March, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge